People ex rel. Abate v Warden, Eric M. Taylor Ctr. (2025 NY Slip Op 00392)

People ex rel. Abate v Warden, Eric M. Taylor Ctr.

2025 NY Slip Op 00392

Decided on January 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2025-00539

[*1]The People of the State of New York, ex rel. Camille M. Abate, on behalf of Dmitriy Latergaus, petitioner,
v
Warden, Eric M. Taylor Center, etc., respondent.

Camille M. Abate, New York, NY, petitioner pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Marjeta Nikolovski of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Dmitriy Latergaus upon his own recognizance or, in the alternative, to set reasonable bail, in effect, upon Kings County Indictment Nos. 70369/2023, 72924/2023, and 73706/2023.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that (1) bail upon Kings County Indictment No. 70369/2023 is set in the sum of $25,000 posted in the form of an insurance company bond, $25,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $10,000 posted as a cash bail alternative; (2) bail upon Kings County Indictment No. 72924/2023 is set in the sum of $10,000 posted in the form of an insurance company bond, $15,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $5,000 posted as a cash bail alternative; and (3) bail upon Kings County Indictment No. 73706/2023 is set in the sum of $100,000 posted in the form of an insurance company bond, $100,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $50,000 posted as a cash bail alternative.
The defendant was at liberty after posting bail when he appeared late for an appearance in the Supreme Court. The court revoked the previously established bail and remanded the defendant to custody. The court explained that it had previously warned the defendant "about playing games [with] this Court," by changing attorneys, going to the hospital to seek medical attention at a time when there was a scheduled court appearance, and appearing late in court, but did not conduct a hearing. The defendant contends that the court could not revoke bail without conducting a hearing as required by CPL 530.60(2)(c), and the People contend that the court properly remanded the defendant under CPL 530.60(1) for "good cause shown." 
When revoking a securing order, "[w]here . . . the record does not demonstrate that [a] court's decision was based on defendant's increased risk of flight, it will be assumed that the court proceeded pursuant to CPL 530.60(2)(a)" (People ex rel. Rankin v Brann, 41 NY3d 436, 438). Here, the record does not demonstrate that the court's determination was based on the risk of flight factors. Furthermore, the court did not hold a hearing, as required under CPL 530.60(2)(c). Accordingly, the writ is sustained and the defendant restored to his prior bail status (see People ex rel. Rankin v Brann, 41 NY3d at 438).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court